SO ORDERED.

SIGNED this 25 day of January, 2012.

_____
                    **J. Rich Leonard**
            **United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

IN RE:

HAZEL INEZ BROWN,                                    CASE NO. 11-06998-8-JRL

     DEBTOR.                                           CHAPTER 13

HAZEL INEZ BROWN,

    **Plaintiff**

        **v.**                                    ADVERSARY PROCEEDING
                                                     NO.   11-00366-8-JRL

WELLS FARGO, NA; AMERICAN SECURITY
INSURANCE COMPANY; BROCK & SCOTT,
PLLC; NICHOLS & SATTERFILED, PLLC;
MORTGAGEIT, INC.,

    **Defendants**

### ORDER

    This matter came before the court on Wells Fargo, NA's ("defendant") motion to dismiss

and Hazel Inez Brown's ("plaintiff")  motion for remand.  A hearing was held on January 10,

2012 in Raleigh, NC.

    In 2009, the defendant initiated a foreclosure action against the plaintiff's property in

Durham in the Superior Court for Durham County ("superior court").  Subsequently, the plaintiff

filed an action against the defendant on September 3, 2009, in superior court ("2009 civil action"). That action was removed to the United States District Court for the Middle District of North Carolina on January 14, 2010. The defendant filed a motion to dismiss the 2009 civil action on February 22, 2010. The plaintiff voluntarily dismissed the action on August 16, 2010.

Following the dismissal of the 2009 civil action, foreclosure proceedings against the plaintiff's property resumed. On September 15, 2010, the plaintiff re-filed her lawsuit against the defendant in superior court ("2010 civil action"). The defendant removed the 2010 civil action to the middle district court. On September 13, 2011, the plaintiff filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code in the Eastern District of North Carolina. The defendant then filed a motion to transfer venue of the 2010 civil action to the United States District Court for the Eastern District of North Carolina. The motion for transfer of venue was allowed, and the action was referred to the bankruptcy court by order dated November 15, 2011.

The defendant filed a motion to dismiss the adversary proceeding on November 18, 2011. The plaintiff never filed a response to the defendant's motion to dismiss. The plaintiff obtained service on all five defendants in the case on December 22, 2011. On January 9, 2012, the day before the hearing on the defendant's motion to dismiss the adversary proceeding, the plaintiff filed a motion to voluntarily dismiss her bankruptcy case.

## DISCUSSION

The plaintiff argues that the court should dismiss the plaintiff's chapter 13 bankruptcy case and remand the adversary proceeding to the eastern district court or superior court. The defendant contends the court should delay the dismissal of the underlying bankruptcy case so as not to prejudice the rights of the defendant. "[T]his court has previously held that § 1307(b) (and

2

its parallel § 1208(b)) 'does not prevent the court, under appropriate circumstances, from delaying entry of a voluntary dismissal in order to protect creditor rights.'" In re Hamlin, No. 09-05272-8-SWH, 2010 WL 749809, *4 (Bankr. E.D.N.C. 2010) (quoting In re Tyndall, 97 B.R. 266, 268 (Bankr. E.D.N.C. 1989)). Here, a voluntary dismissal would adversely effect the rights of the defendant because the defendant's motion to dismiss the adversary proceeding is still pending and a voluntary dismissal would in effect moot the defendant's motion. Therefore, the plaintiff's motion to voluntarily dismiss the underlying bankruptcy case will be given no effect until entry of this order.

The defendant argues that the plaintiff's complaint should be dismissed for insufficiency of service of process because the case has been pending for nearly a year without being served. At the hearing, the plaintiff introduced into evidence certificates of service exhibiting that service had been made on all five defendants on December 22, 2011. Pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, as made applicable to this proceeding by Bankruptcy Rule 7012, a motion to dismiss may be based upon the insufficiency of service of process. Fed. R. Civ. P. 12(b)(5); Fed. R. Bankr. P. 7012(b). A claim is subject to dismissal for insufficiency of service of process in accordance with Rule 4. Fed. R. Civ. P. 12(b)(5). "A court must grant a defendant's 12(b)(5) motion to dismiss if the plaintiff fails to serve a copy of the summons and complaint in satisfaction of Rule 4 of the Federal Rules of Civil Procedure." Calder v. Stanly County Bd. of Educ., No. 1:00CV01249, 2002 U.S. Dist. LEXIS 20687, at *4 (M.D.N.C. Sept. 26, 2002). "The plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with Rule 4." Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996). The court finds that the plaintiff did properly serve the

defendant. Therefore, the motion to dismiss on this ground is **DENIED**.

Alternatively, the defendant contends the plaintiff's complaint should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 7041 of the Bankruptcy Rules for failure to prosecute.  "A district court has the inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for this sanction.'" United States ex rel. Curnin v. Bald Head Island Ltd., No. 09-1931, 381 Fed. Appx. 286, 287, 2010 U.S. App. LEXIS 11399, at *1 (4th Cir. June 4, 2010) (quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991).  Courts consider four factors before dismissing an action for failure to prosecute under Rule 41(b): "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990).  The court finds that this case has been pending in some fashion in four courts over three years with service just obtained.  This evidences the plaintiff's failure to prosecute this case.  The plaintiff filed no timely response to the motion to dismiss.  In addition, the plaintiff's attempt to voluntarily dismiss the underlying bankruptcy case on the day before the hearing to prevent the court from ruling on the motion to dismiss the adversary proceeding is evidence of the plaintiff's intent to use the litigation for some tactical advantage unrelated to its merits.

The defendant further contends that the complaint should be dismissed for failure to state a claim upon which relief can be granted.  A pleading which states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2); Fed. R. Bankr. P. 7008.  A statement showing entitlement to relief under Rule

8(a)(2) must include "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007).  Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 140, 129 S. Ct. 1937, 1949 (2009) (citing <u>Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955).  Under local rules, "[a]ny party may file a written response to any motion within 21 days after service . . . [i]n the event no response is filed, the court may proceed to rule on the motion."  E.D.N.C. LBR 7007-1(b).  The plaintiff did not file a response to the defendant's motion.  The court finds that the complaint contains nothing more than conclusory assertions.

Based on the foregoing, the defendant's motion to dismiss is **ALLOWED** for the plaintiff's failure to prosecute and state a claim upon which relief can be granted.

**END OF DOCUMENT**